In the Matter of GERALD J. GARNER (Admitted as GERALD J. GOLDBERG), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 10, 1992

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Sondra S. Holt* of counsel), for petitioner.

*Morrison & Foerster (Barrington D. Parker, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent is charged with two allegations of professional misconduct. The Special Referee sustained both charges. The petitioner moved to confirm the report of the Special Referee and the respondent's counsel has submitted an affidavit and memorandum of law in opposition thereto.

Charge one alleges that the respondent filed a false written statement. On a Confidential Biographical and Financial Report dated June 30, 1983, submitted to the Office of the Comptroller of the Currency, an agency of the United States Government, the respondent was asked to provide information regarding "each disciplinary proceeding or action of which you are, or have been, the subject". The respondent answered as follows: "None—except for nominal fee disputes inquiries and a 1975 question of whether or not there was a violation of a compact law, all of which have resulted in no action". In fact, a petition had been served upon respondent in 1981 and he was the subject of a pending disciplinary proceeding which ultimately resulted in his suspension on October 1, 1984, from the practice of law for one year effective January 4, 1985. The respondent then signed the report which contained the following certification: "I certify that the information contained in this Confidential Biographical and Financial Report has been carefully examined by me and is correct and complete, and acknowledge that any misrepresentation or omission of a material fact constitutes fraud in the inducement and is grounds for denial of a certificate authorizing the commencement of banking business and may subject me to other legal sanctions, including those provided by 18 U.S.C. 1001." Thereafter, the respondent caused the report to be filed with the Comptroller of the Currency.

Charge two alleges that the respondent filed a false written statement. On a subsequent Confidential Biographical and Financial Report dated September 23, 1984, submitted to the Office of the Comptroller of the Currency, an agency of the United States Government, the respondent again answered the question referred to in charge one in the negative, despite the fact that he remained the subject of a disciplinary pro-

ceeding. The respondent then signed the report, which contained the certification discussed in charge one. Thereafter the respondent caused the report to be filed with the Comptroller of the Currency.

Based on the evidence adduced at the hearing, we find the respondent guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's prior disciplinary record, to wit, a 1978 Letter of Caution for engaging in a conflict of interest, a 1980 Letter of Admonition for neglecting a legal matter, and a one-year suspension for misconduct involving false statements on documents. The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gerald J. Garner, admitted under the name Gerald J. Goldberg, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Gerald J. Garner shall continue to comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Gerald J. Garner is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.